Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, MITCH MCCONNELL, in his official capacity as Senate Majority Leader and sponsor of S.3548 CARES Act, STEVEN MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff John Doe ("Plaintiff") alleges the following against Defendants DONALD J. TRUMP, in his official capacity as President of the United States, MITCH MCCONNELL, in his official capacity as Senate Majority Leader and sponsor of S.3548 CARES Act, STEVEN MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury:

## INTRODUCTION

1.    On Friday, March 27, 2020, President Trump signed S.3548, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), in response to the economic impact of the COVID-19 (coronavirus) outbreak.

2.    Among other things, the CARES Act provides funding for $1,200 payments to individuals, plus an additional $500 payments per qualifying child, and phases out when incomes exceed $75,000 (or $150,000 for joint filers).

3.    However, the CARES Act discriminates against any United States citizen who is married to an individual who do not have a Social Security number by preventing them from receiving these critical payments.

4.    This prohibition infringes on the fundamental right to marry, the freedom of expression, and the right to assemble, discriminates based on alienage and marital status, and deprives United States citizens of due process rights and equal protection as guaranteed by the Constitution.

## PARTIES

5.    Plaintiff John Doe is a United States citizen who resides in Gardena, California, with his wife, a Belizean citizen, and his two young children, both of whom are United States citizens. At all times mentioned in this Complaint, he resided in the Central District of California. "John Doe" is a fictitious name for an actual person that is used to protect his actual identity under the Fifth Amendment.

6.    Defendant DONALD J. TRUMP is the President of the United States who signed into law the CARES Act and insisted that his name appear on the "memo" line of each stimulus check issued under it.

7.      Defendant MITCH MCCONNELL, is United States Senate Majority Leader and the Sponsor of the CARES Act, which was introduced in the Senate on March 19, 2020.

8.      Defendant STEVEN MNUCHIN is the Secretary of the United States Department of Treasury.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the United States Constitution and federal statutes. Additionally, the Court has remedial authority under 28 U.S.C. §§ 2201–02.

10.     Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391 because Plaintiff resides in the Central District and a substantial part of the events giving rise to the claims occurred in this judicial district.

11.     The Court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

12.     On March 19, 2020, Senate Majority Leader Mitch McConnell, along with Senators Alexander, Crapo, Grassley, Rubio, Shelby, and Wicker, introduced S. 3548, 116th Cong. (2020), which received unanimous approval from the Senate and passed the House of Representatives by voice vote.

13.     The CARES Act was signed into law by President Trump on March 27, 2020, to make "emergency supplemental appropriations and other changes to law to help the Nation respond to the coronavirus outbreak."[1]

**The CARES Act**

14.     Section 6428.2020 of the CARES Act ("Recovery Rebates For Individuals") denies tax-paying United States citizens their rights, privileges, benefits and/or protections.

---

[1] Statement by the President, March 27, 2020, https://www.whitehouse.gov/briefings-statements/statement-by-the-president-38/ (last visited May 1, 2020).

-2-

MATERN LAW GROUP, PC 1230 ROSECRANS AVENUE, SUITE 200 MANHATTAN BEACH, CA 90266

CLASS ACTION COMPLAINT

15.     This provision authorizes the Internal Revenue Service to disburse $1,200 to "eligible individuals" whose adjusted gross income does not exceed $75,000, along with an additional $500 for each child under the age of 17 ("Stimulus Check"). S. 3548, 116th Cong. § 6428(a)(2) (2020).

16.     It also authorizes the Internal Revenue Service to disburse $2,400 to "eligible individuals" whose adjusted gross income does not exceed $150,000. *Id.*

17.     "Eligible individuals" is defined as any individual other than "any nonresident alien individual…any individual with respect to whom a deduction under section 151 is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, and…an estate or trust." S. 3548, 116th Cong. § 6428(e)(3) (2020)

18.     Section 6428(h)(1) provides, "[n]credit shall be allowed under subsection (a) to an eligible individual who does not include on the return of tax for the taxable year— "(A) such individual's valid identification number, (B) in the case of a joint return, the valid identification number of such individual's spouse, and (C) in the case of any qualifying child taken into account under subsection (b)(1)(B), the valid identification number of such qualifying child."

19.     The term "'valid identification number' means a social security number…." S. 3548, 116th Cong. § 6428(h)(2)(A) (2020)

20.     Thus, to be eligible to receive a Stimulus Check, an individual,

(a)     must be a United States citizen, permanent resident or qualifying resident alien,

(b)     cannot be claimed as a dependent,

(c)     must have a Social Security number ("SSN") that is valid for employment ("valid SSN"), except where either spouse was a member of the United States Armed Forces at any time during the taxable year, in which case only one spouse needs to have a valid SSN, and

(d)     must have an adjusted gross income below an amount based on his or

her filing status and the number of his or her qualifying children.[2]

21.    Any married couple filing jointly where one of the spouses has a SSN and one has an Individual Taxpayer Identification Number ("ITIN"), which the Internal Revenue Service issues to workers who lack a SSN, cannot receive a Stimulus Check (unless one spouse is a member of the United States Armed Forces).

22.    An ITIN is a unique tax processing number issued by the Internal Revenue Service to individuals who do not have and are not eligible for a SSN.  I.R.C. § 6109; Treas. Reg. § 301.6109-1(a)(1)(ii)(B).  The ITIN allows these individuals to fulfill their legal obligations to file federal tax returns and does not provide work authorization or eligibility for social services programs.

23.    Taxpayers with an ITN include both unauthorized immigrants and lawfully present individuals—for example, certain survivors of domestic violence, Cuban and Haitian entrants, and spouses and children of individuals with employment visas.

24.    The Internal Revenue Service estimates 4.3 million adults file taxes using an ITIN, yielding more than $9 billion in annual payroll taxes.[3]

25.    The Migration Policy Institute ("MPI") estimates that there were 5.1 million children with at least one unauthorized immigrant parent in the 2009-2013 period, 4.1 million of whom were United States citizens. [4]

26.    Nearly two million United States citizens and legal permanent residents are married to undocumented immigrants[5] and approximately 1.2 million Americans are

---

[2] Economic Impact Payment Information Center, April 24, 2020, https://www.irs.gov/coronavirus/economic-impact-payment-information-center  (last visited May 1, 2020)

[3] Internal Revenue Service, "IRS Nationwide Tax Forum:  Immigration and Taxation," 2014, https://www.irs.gov/pub/irs-utl/20-Immigration%20and%20Taxation.pdf

[4] Profile of the Unauthorized Population: United States, MIGRATION POLICY INSTITUTE, https://www.migrationpolicy.org/data/unauthorized-immigrant-population/state/US  (last visited May 1, 2020)

[5] Profile of the Unauthorized Population: United States, MIGRATION POLICY INSTITUTE https://www.migrationpolicy.org/data/unauthorized-immigrant-population/state/US#marital

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-4-

married to immigrants who do not hold Social Security numbers.[6]

27.    In 2018, foreign-born workers were more likely than United States-born workers to be employed in service occupations (23.3% to 15.9%); natural resources, construction, and maintenance occupations (14.0% to 8.3%); and production, transportation, and material moving occupations (15.0% to 11.3%). Additionally, foreign-born workers' median weekly earnings were only 83.3% of the earnings of United States-born workers.[7]

28.    Plaintiff John Doe, a United States citizen who earns less than $75,000.00 in adjusted gross income and whose children are also United States citizens, would be eligible for a Stimulus Check if he were not married filing jointly with his nonresident wife who has an ITIN. He would also be eligible if he were divorced and therefore not married to a spouse without a SSN.

29.    "The right to marry is a fundamental right inherent in the liberty of the person," and couples may not be deprived of that right and liberty under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *Obergefell v. Hodges,* 135 S. Ct. 2584, 2591, 192 L. Ed. 2d 609 (2015).

> Rights implicit in liberty and rights secured by equal protection may rest on different precepts and are not always co-extensive, yet each may be instructive as to the meaning and reach of the other. This dynamic is reflected in *Loving,* where the Court invoked both the Equal Protection Clause and the Due Process Clause; and in *Zablocki v. Redhail*, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618, where the Court invalidated a law barring fathers delinquent on child-support payments from marrying. Indeed, recognizing that new insights and societal understandings can reveal unjustified inequality within fundamental institutions that once passed unnoticed and unchallenged, this Court has invoked equal protection principles to invalidate laws imposing sex-based inequality on marriage, see, *e.g., Kirchberg v. Feenstra*, 450 U.S. 455, 460–461, 101 S.Ct. 1195, 67 L.Ed.2d 428, and confirmed the relation between liberty and equality, see, *e.g., M.L.B. v. S.L.J.,* 519 U.S. 102, 120–121, 117 S.Ct. 555, 136 L.Ed.2d 473.

[6] See footnote 4.
[7] U.S. Bureau of Labor Statistics, "Foreign-Born Workers: Labor Force Characteristics - - 2018," May 16, 2019, https://www.bls.gov/news.release/pdf/forbrn.pdf

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

CLASS ACTION COMPLAINT

1  *Obergefell v. Hodges*, 135 S. Ct. 2584, 2590, 192 L. Ed. 2d 609 (2015).

2      30.    Plaintiff pays taxes and jointly files his tax returns with his spouse, like many

3  other married individuals. This practice demonstrates family unity and is an expression of

4  self-determination to the government and society. As such, Plaintiff intends to afford his

5  family the benefits conferred upon all United States citizens and legal permanent residents.

6      31.    Thus, the CARES Act discriminates against American citizens based on

7  marital status and alienage—depriving families of critical economic assistance during a

8  global pandemic.

9      **The CARES Act Violates Equal Protection**

10     32.    "By its plain language, § 1182(f) grants the President broad discretion to

11  suspend the entry of aliens into the United States." *Trump v. Hawaii*, 138 S. Ct. 2392,

12  2408, 201 L. Ed. 2d 775 (2018).

13     33.    Here, however, the President is not using § 1182(f) powers to regulate

14  immigration or address national security. Rather, he is using the CARES Act to torpedo

15  the Constitution's guarantee of equal protection.

16     34.    When the House of Representatives debated the CARES Act, Representative

17  TJ Cox called out "this bill's glaring shortcomings," which included the fact that the bill

18  "punishes mixed-status households and denies some American citizens benefits they

19  deserve." 166 Cong. Rec. H1841 (daily ed. Mar. 27, 2020) (statement of Rep. Cox of

20  Cal.).

21     35.    The Department of the Treasury and Internal Revenue Service have already

22  sent more than 88 million payments worth more than $158 billion under the CARES Act.

23     36.    These consequences have already been felt by Plaintiff and the putative

24  class—a substantial, concrete, and particularized injury caused by the CARES Act's

25  discriminatory carve-out.

26     37.    Even with 30 million Americans filing unemployment claims since mid-

27  March, and with the economy contracting at an alarming rate, Defendants have enacted

28  legislation that punishes millions because they are married to a nonresident or because

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-6-

they were born into a family in which one parent is a nonresident.

## CLASS ACTION ALLEGATIONS

38.    Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a class defined as:

> All persons who are otherwise eligible for and would have received Stimulus Checks but for the fact that they are excluded by 26 U.S.C. § 6428 (g)(1)(B) because their spouses lack social security numbers.

39.    Excluded from the Class are: (A) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (B) the Judge to whom this case is assigned and the Judge's staff; and (C) anyone employed by counsel in this action. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that any Class should be expanded, divided into additional subclasses, or modified in any other way.

### A.    Numerosity and Ascertainability

40.    While the exact number of Class members is uncertain, the size of the Classes can be estimated with reasonable precision—1.2 million Americans are married to immigrants who lack SSNs (and neither of which serves in the Armed Forces)—and that number is great enough that joinder is impracticable.

41.    Class members are readily identifiable from information and records in possession, custody, or control of Defendants and Class members.

### B.    Typicality

42.    The claims of the representative Plaintiff are typical of the claims of the Class because the challenged statutory provision applies with the same force to Plaintiff as it does to all other members of the Class.

### C.    Adequate Representation

43.    Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting civil rights actions.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

CLASS ACTION COMPLAINT

44.     Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests adverse to those of the Class.

**D.     Predominance of Common Issues**

45.     There are numerous issues of law and fact common to Plaintiff and Class members that predominate over any issue affecting only individual Class members. Resolving these common issues will advance resolution of the litigation as to all Class members. These common legal and factual issues related to individuals who have a social security number and are married to spouses who lack a SSN include:

(a)     Whether 26 U.S.C. § 6428 (g)(1)(B) violates the United States Constitution by discriminating against individuals with SSNs who are married to individuals who lack SSNs;

(b)     Whether 26 U.S.C. § 6428 (g)(1)(B) deprives Class Members of their First Amendment Rights or Equal Protection and Due Process Rights;

(c)     Whether 26 U.S.C. § 6428 (g)(1)(B) deprives Class Members of property interests;

(d)     Whether Plaintiff and the Class suffered harm as a result of 26 U.S.C. § 6428 (g)(1)(B)'s and Defendants' unlawful policy and/or practices;

(e)     Whether equitable, injunctive, or declaratory relief for the Class is warranted;

(f)     Whether Class members are entitled to actual damages, statutory damages, and/or punitive damages as a result of Defendants' wrongful conduct;

**E.     Superiority**

46.     Plaintiff and Class members have suffered, and will continue to suffer, harm as a result of Defendants' uniformly unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47.     Without a class action, many, if not most, Class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-8-

at law.

48.     Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

49.     Defendants have acted uniformly manner with respect to the Plaintiff and Class members.

50.     Class-wide declaratory, equitable, and injunctive relief is appropriate under Rule 23(b)(1) and/or (b)(2) because Defendants' acts apply generally to the class, and inconsistent adjudications as to Defendants' liability would establish incompatible standards and substantially impair or impede the ability of Class members to protect their interests. Class-wide relief assures fair, consistent, and equitable treatment and protection of all Class members.

## FIRST CLAIM FOR RELIEF

### Fifth Amendment to the United States Constitution

### Substantive Due Process

51.     Plaintiff re-alleges the factual allegations in the preceding paragraphs above as if fully set forth herein.

52.     The Fifth Amendment to the United States Constitution protects freedom of personal choice in matters of marriage and family life.

53.     The Supreme Court has affirmed in numerous contexts that the right to marry is a fundamental right under the Due Process Clause. See, *e.g., M. L. B. v. S. L. J.,* 519 U.S. 102, 116, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996); *Cleveland Bd. of Ed. v. LaFleur,* 414 U.S. 632, 639-640, 94 S. Ct. 791, 39 L. Ed. 2d 52 (1974); *Skinner v. Oklahoma ex rel. Williamson,* 316 U.S. 535, 541, 62 S. Ct. 1110, 86 L. Ed. 1655 (1942); *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923).44.

54.     Discrimination based on the fundamental right to marry is presumptively

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, SUITE 200
MANHATTAN BEACH, CA 90266

unconstitutional and subject to strict scrutiny.

55.    Under 26 U.S.C. § 6428 (g)(1)(B), the exclusion of Plaintiff from receiving a Stimulus Check, based only on to whom he is married "slic[es] deeply into the family itself." *Moore v. City of E. Cleveland, Ohio,* 431 U.S. 494, 498 (1977). On its face, and as applied, this provision selects certain categories of married individuals who may receive Stimulus Checks and declares that others may not.

56.    Specifically, 26 U.S.C. § 6428 (g)(1)(B) denies Stimulus Checks to Plaintiff based on his choice to marry someone with an ITIN, as opposed to a social security number.

57.    Accordingly, 26 U.S.C. § 6428 (g)(1)(B)'s threatens Plaintiff's freedom of choice in personal matters related to marriage and family, including the sanctity of defining one's family though personal choice.

58.    The CARES Act intentionally and substantially infringes upon and unduly burdens Plaintiff's liberty interests, including the fundamental right to marry.

59.    The CARES Act's exclusion of Plaintiff from receiving a Stimulus Check unduly interferes with his fundamental rights and liberties, is arbitrary, unfair, and unreasonable, and lacks an adequate justification.

60.    As a proximate result of Defendants' conduct, Plaintiff has suffered injury to his constitutional rights under the Fifth Amendment's Due Process Clause.

## SECOND CLAIM FOR RELIEF

### First Amendment to the United States Constitution

### Freedom of Expression / Right to Assemble

61.    Plaintiff re-alleges the factual allegations in the preceding paragraphs above as if fully set forth herein.

62.    The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech."

63.    Plaintiff is a member of a mixed-status married couple who engages in

-10-

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

protected First Amendment activity when he expresses his lawful marriage and commitment to his spouse who lacks a SSN through means including filing joint federal tax returns.

64.    The CARES Act violates Plaintiff's right to freedom of speech and association guaranteed by the First Amendment by denying him a Stimulus Check because he expresses his lawful marriage and commitment to, and association with, his spouse in their jointly-filed federal tax returns.

65.    Defendants rely on Plaintiff's speech and association in his tax returns to deny Plaintiff a Stimulus Check.

66.    There is no substantial governmental interest, rational basis, or compelling governmental interest in burdening Plaintiff's speech by denying him a Stimulus Check because he exercised his First Amendment rights through means including filing joint tax returns with his spouse.

67.    As a proximate result of Defendants' conduct, Plaintiff has suffered injury to his constitutional rights under the First Amendment.

## THIRD CAUSE OF ACTION

### Fifth Amendment to the United States Constitution

### Equal Protection Clause

68.    Plaintiff re-alleges the factual allegations in the preceding paragraphs above as if fully set forth herein.

69.    The Fifth Amendment to the United States Constitution guarantees all persons equal treatment under the law. The right to marry is secured by the Equal Protection Clause.

70.    The CARES Act, on its face and as applied to Plaintiff, violates the equal protection guarantee of the Fifth Amendment by burdening Plaintiff's fundamental right to marry in a way that that cannot be reconciled with requirements of equality. Marriage is a fundamental right and a cornerstone of the American family and way of life.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, SUITE 200
MANHATTAN BEACH, CA 90266

CLASS ACTION COMPLAINT

71.    As a direct result of the CARES Act, 26 U.S.C. § 6428 (g)(1)(B), the federal government treats Plaintiff, who is legally married, differently than other married couples and denies him benefits afforded to other marries couples simply because his spouse has an ITIN. Consequently, he is excluded from receiving a Stimulus Check.

72.    There is no justification for this disparate treatment of individuals based on whom they marry.

73.    Defendants intentionally discriminate against Plaintiff when they enforce this statute that infringes on the exercise of a fundamental right.

74.    Similarly, "[classifications] based on alienage, like those based on nationality or race, are inherently suspect and subject to close judicial scrutiny. Aliens as a class are a prime example of a 'discrete and insular' minority . . . for whom such heightened judicial solicitude is appropriate." *Graham v. Richardson*, 403 U.S. 365, 372 (1971) (footnotes and citations omitted).

75.    Discrimination based on the alienage of a United States citizen's spouse is presumptively unconstitutional and subject to strict scrutiny.

76.    Defendants discriminate against Plaintiff on the basis of the alienage of their spouse.

77.    As a proximate result of Defendants' conduct, Plaintiff has suffered injury to his constitutional rights under the Fifth Amendment's Equal Protection Clause.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Certify this action as a class action and appoint Plaintiff and his Counsel to represent the Class;

b.  Declare that 26 U.S.C. § 6428(g)(1)(B) is unconstitutional and unenforceable because it violates the First Amendment to the U.S. Constitution and the Due Process and Equal Protection guarantees of the Fifth Amendment to the U.S. Constitution;

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, SUITE 200
MANHATTAN BEACH, CA 90266

c.  Enjoin Defendants and their agents from enforcing 26 U.S.C. § 6428(g)(1)(B) and further enjoin Defendants from otherwise requiring Plaintiffs and other similarly-situated individuals to provide social security numbers for their spouses in order to receive Stimulus Checks under 26 U.S.C. § 6428(a);

d.  Award the Class Stimulus Checks that they would otherwise be eligible for under 26 U.S.C. § 6428(g)(1)(B);

e.  Award Plaintiff reasonable costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 2412; and

f.  Such other relief as this court may deem just and proper.

DATED: May 5, 2020                    Respectfully submitted,

By: */s/ Matthew J. Matern*
Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

*Attorneys for Plaintiffs, individually, and all others similarly situated*

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: May 5, 2020                    Respectfully submitted,

                                      By: */s/ Matthew J. Matern*
                                      Matthew J. Matern (SBN 159798)
                                      Joshua D. Boxer (SBN 226712)
                                      **MATERN LAW GROUP, PC**
                                      1230 Rosecrans Avenue, Suite 200
                                      Manhattan Beach, California 90266
                                      Telephone: (310) 531-1900
                                      Facsimile: (310) 531-1901
                                      mmatern@maternlawgroup.com
                                      jboxer@maternlawgroup.com

                                      Corey B. Bennett (SBN 267816)
                                      **MATERN LAW GROUP, PC**
                                      1330 Broadway, Suite 428
                                      Oakland, California 9461
                                      Telephone: (510) 227-3998
                                      Facsimile: (310) 531-1901
                                      cbennett@maternlawgroup.com

                                      *Attorneys for Plaintiffs, individually, and all others similarly situated*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, SUITE 200
MANHATTAN BEACH, CA 90266

CLASS ACTION COMPLAINT